FILED
United States Court of Appeals
Tenth Circuit

April 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE HALL,

Plaintiff-Appellant,

v.

JEFF HUPP; BILL FEUERBORN,

Defendants-Appellees,

and

SCOT BROWNRIGG; BRIAN
CARRIGER; BOB MOEWS; SHERYL
HOOVER; PINNACLE HEALTH
FACILITIES XVIII, L.P., d/b/a
PINNACLE RIDGE,

Defendants.

No. 12-3211
(D.C. No. 2:11-CV-02448-KHV-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

George Hall appeals from the district court's dismissal of his civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) with respect to defendants Jeff Hupp and Bill Feuerborn.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Background

On an unspecified date, Mr. Hall removed his mother, Mary Hall, from Pinnacle Ridge Nursing Home and refused to pay the bill because he had not placed her there. She later died, and he buried her on his own property.

Mr. Hupp was an officer of the Kansas Bureau of Investigation at the time; Mr. Feuerborn was a Kansas state legislator. Mr. Hall alleged that they and the other defendants started and/or acted on rumors that he had participated in his mother's death, had improperly received and cashed her Social Security checks after her death, had failed to register her death with authorities, and should not have buried her on his property. He asserted that defendants' actions were motivated by revenge because he had previously been involved in disputes with (among others) the Anderson County Sheriff's Office, Anderson County, and Mr. Feuerborn's brother, who had long held public office in Anderson County. Mr. Hall asserted that defendant Feuerborn used his influence as a state legislator to initiate the law enforcement investigation against Mr. Hall and caused a law enforcement officer to file a baseless affidavit with the

---

[1] The defendants other than Mr. Hupp and Mr. Feuerborn settled with Mr. Hall and are not parties to this appeal.

court.  Mr. Hall also asserted that a court-issued search warrant authorizing a search of his home was used to harass and retaliate against him—and that the search warrant was issued based on an incomplete and/or false affidavit from defendant Hupp.

Mr. Hall filed his complaint pursuant to 42 U.S.C. § 1983.  The district court construed the complaint to assert claims against defendants Hupp and Feuerborn only for malicious prosecution and abuse of process based on an alleged Fourth Amendment violation in connection with the search warrant.  Defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  They also asserted that they were entitled to qualified immunity.

The district court dismissed Mr. Hall's claims against Mr. Hupp and Mr. Feuerborn.  The court first set out the elements required to state a claim for malicious prosecution, as applicable in a suit under § 1983.  Aplt. App. at 154 (citing *Wilkins v. DeReyes*, 528 F.790, 797 (10th Cir. 2008), and *Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007)).  The court correctly stated that "[t]he ultimate question, however, is whether plaintiff has alleged a constitutional violation."  Aplt. App. at 154 (citing *Wilkins*, 528 F.3d at 797).  The court concluded that Mr. Hall had failed to allege a Fourth Amendment violation.  *Id.*  The court noted that "detention without arrest [is] not enough to support [a] malicious prosecution claim."  *Id.* (citing *Johnston v. Stone*, No. 10-2051, 2010 WL 1740889, at *3-*4 (D. Kan. Apr. 28, 2010).  The court further reasoned that Mr. Hall had alleged only that he was "detained" in reference to a search warrant, not arrested, so

he had not alleged that he was "confined or prosecuted," as required to satisfy the first element of this constitutional tort. *See id.* The court concluded that the complaint failed to state a claim for malicious prosecution. *Id.* at 154-55.

Next, the district court set out the elements required to state a claim for abuse of process. *Id.* at 155 (citing *Good v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 331 F. Supp. 2d 1315, 1330 (D. Kan. 2004), and *Porter v. Stormont-Vail Hosp.*, 621 P.2d 411, 416 (Kan. 1980)). The court stressed that "'[t]he gist of tort of abuse of process is not commencing an action or causing process to issue without justification [which is essential for malicious prosecution], but misusing or misapplying process justified in itself, for an end other than that which it was designed to accomplish.'" *Id.* (quoting *Good*, 331 F. Supp. 2d at 1330) (alteration in original). The court held that there was no abuse of process because Mr. Hall had failed to allege that defendants Hupp and Feuerborn "used legal process – the search warrant – to accomplish an end other than the purpose for which it was designed." *Id.* (citing *Porter*, 621 P.2d at 411). The court did not reach the issue of qualified immunity. *See id.* at 154-55. Mr. Hall appeals.

## II.  Issues on Appeal and Discussion

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."

- 4 -

*Id.* (internal quotation marks omitted). "'We look for plausibility in th[e] complaint.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007)) (alteration in original).

Mr. Hall argues on appeal that: (1) his complaint set forth an actionable Fourth Amendment violation under § 1983 as to defendants Hupp and Feuerborn; (2) his complaint alleged a valid malicious prosecution claim as to these two defendants; (3) his complaint alleged a valid abuse of process claim as to these defendants; and (4) defendants Hupp and Feuerborn were not entitled to qualified immunity.

We are unpersuaded by Mr. Hall's arguments. He uses the words "detention" and "seizure" in his brief on appeal, in reference to the search warrant. *See, e.g.*, Aplt. Opening Br. at 7, 14, 16-18. But he never explains what the "detention" or "seizure" was or how it satisfies the "confined or prosecuted" element of a malicious prosecution claim. *See id.* at 18-20; Aplt. App. at 154. He also asserts that there was a "prosecution" because defendant Hupp filed a false affidavit with the court and defendant Feuerborn transmitted false accusations to law enforcement and pressured them to act upon them. *See* Aplt. Opening Br. at 14-15. But Mr. Hall does not explain how defendants' alleged actions constitute "prosecution." *See id.* at 18-20; Aplt. App. at 154. As a result, Mr. Hall has failed to show that the district court erred in holding that the complaint failed to state a claim for malicious prosecution.

Mr. Hall also argues that the search warrant was used to harass and retaliate against him, showing an abuse of process. He focuses on alleged falsehoods and incomplete information used by defendants to procure the search warrant. But he has not alleged what facts were misrepresented by defendants in seeking a search warrant, that the court lacked probable cause to issue the warrant, or that defendants' alleged misrepresentations were material to the finding of probable cause upon which the warrant was issued. In any event, abuse of process is concerned with the misuse of process that was "justified in itself, for an end other than that which it was designed to accomplish." *Good*, 331 F. Supp. 2d at 1330. Mr. Hall concedes that "'the purpose for which the process is used, once it issued, is the only thing of importance.'" Aplt. Opening Br. at 24 (quoting *Thomas v. City of Baxter Springs*, 369 F. Supp. 2d 1291, 1299 (D. Kan. 2005)). But he offers only conclusory assertions that the search warrant was used to harass him instead of for its intended purpose. He has failed to show that the district court erred in holding that the complaint failed to state a claim for abuse of process against defendants Hupp and Feuerborn.

It is unnecessary for us to consider Mr. Hall's argument that Mr. Hupp and Mr. Feuerborn are not entitled to qualified immunity, an issue the district court did not reach.

Affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge